United States District Court
Middle District of Florida
Jacksonville Division

**MARLI JAY JACKSON,**

    *Plaintiff,*

v.                                                        **NO. 3:24-cv-1066-PDB**

**COMMISSIONER OF SOCIAL SECURITY,**

    *Defendant.*

# Order

The Court reversed the Commissioner of Social Security's decision denying Marli Jay Jackson's application for benefits and, under sentence four of 42 U.S.C. § 405(g), remanded for further proceedings. Docs. 16, 17. She now requests, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an award of $4,120.57 as an attorney's fee. Doc. 19. The Commissioner has no opposition. Doc. 19 at 3.

In ruling on an EAJA request, a court must decide if the requesting party is eligible and the requested attorney's fee is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A party is eligible if (1) she prevailed in a case against the United States, (2) she timely requested a fee, (3) her net worth did not exceed $2 million when she filed the case, (4) the United States' position was not substantially justified, and (5) no special circumstances would make the award unjust. *Id.* at 158; 28 U.S.C. § 2412(d)(1) & (2).

The first three conditions are satisfied here. *See* Docs. 17, 19. As to the fourth condition, Jackson contends the Commissioner's position was not

substantially justified, Doc. 19 at 2, 6–7, and the Commissioner has not tried to satisfy his burden of showing otherwise. As to the fifth condition, no equitable consideration is apparent or presented that would make an EAJA award unjust.

For the attorney's fee, the applicant must show that the requested rates and claimed hours are reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *accord Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A fee award under the EAJA "shall be based upon prevailing market rates for the kind and quality of the services furnished," but it must not exceed $125 an hour "unless the court determines that an increase in the cost of living [since 1996, the date of the last amendment to the amount,] or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"The EAJA … establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). "The first step … is to determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (internal quotation marks omitted). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee upward from [$125] to take into account an increase in the cost of living [since 1996], or a special factor." *Id.* at 1033–34.

Here, the fee request is based on 1.5 hours of work in 2024 and 14.6 hours of work in 2025 by Jackson's lawyers, Richard Culbertson and Sarah Jacobs. Doc. 19 at 2, 11–12. For work completed in 2024, Jackson requests an hourly rate of $251.82. Doc. 19 at 2. For work completed in 2025, she requests an

2

hourly rate of $256.36. Doc. 19 at 2. The hours multiplied by the rates equals $4,120.57 (rounding down at the nearest hundredth, as Jackson does, Doc. 19 at 2).

The requested rates and claimed hours are reasonable. Based on the Court's own knowledge and familiarity with the lawyers, the rates are within the prevailing market rates for services provided by lawyers of reasonably comparable skills, experience, and reputation as Culbertson and Jacobs. The increased cost of living from March 1996 to the time the lawyers worked on the case justifies an upward adjustment from $125. *See* U.S. Dep't of Labor, Bureau of Labor Statistics, https://data.bls.gov/timeseries/CUUR0000SA0 (last visited July 29, 2025). None of the work appears clerical, secretarial, unnecessary, or otherwise excludable. *See* Doc. 19 at 11–12.

The Court leaves to the Commissioner's discretion whether to accept Jackson's assignment of the EAJA fee, *see* Doc. 19-1, after determining whether Jackson owes a federal debt.

The Court **grants** the motion, Doc. 19; **awards** Jackson $4,120.57 as an attorney's fee; and **directs** the clerk to enter judgment in favor of Marli Jay Jackson and against the Commissioner of Social Security for $4,120.57 as an attorney's fee.

**Ordered** in Jacksonville, Florida, on July 29, 2025.

*Patricia D. Barksdale*
Patricia D. Barksdale
United States Magistrate Judge

3